1  KATHY E. MOUNT, SBN 104736
2  DANA S. ZAMCZYK, SBN 235539
   MEYERS, NAVE, RIBACK, SILVER & WILSON
3  555 12th Street, Suite 1500
   Oakland, CA  94607
4  kmount@meyersnave.com
   Telephone:  (510) 808-2000
5  Facsimile:  (510) 444-1108

6  Attorneys for Defendants
   City of City Of Pittsburg, Chief of Police Aaron Baker,
7  Capt. William Zbacnik, Lt. Michael Barbanica,
   Lt. William "Brian" Addington, and Lt. Wade Derby

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11 RON HUPPERT and JAVIER SALGADO,        Case No. C 05-01433 SBA

12          Plaintiffs,

13      v.                                 **ANSWER OF DEFENDANTS CITY OF
                                           PITTSBURG, CHIEF OF POLICE
14 CITY OF PITTSBURG, CHIEF OF POLICE      AARON BAKER, CAPT. WILIAM
   AARON BAKER, CAPT. WILLIAM              ZBACNIK, LT. MICHAEL
15 ZBACNIK,LT. MICHAEL BARBANICA, LT.      BARBANICA, LT. WILLIAM "BRIAN"
   WILLIAM "BRIAN" ADDINGTON, LT. WADE     ADDINGTON, AND LT. WADE DERBY
16 DERBY, and DOES 1-40,                   TO PLAINTIFFS' COMPLAINT FOR
                                           DAMAGES AND FOR INJUNCTIVE
17          Defendants.                    RELIEF; DEMAND FOR JURY TRIAL
                                           (Civil Rights)**
18

19                                         Complaint Filed:  April 7, 2005

20      Defendants City of Pittsburg ("City"), Chief of Police Aaron Baker ("Baker"), Capt.

21 William Zbacnik ("Zbacnik") , Lt. Michael Barbanica ("Barbanica"), Lt. William "Brian"

22 Addington ("Addington"), and Lt. Wade Derby ("Derby"), for themselves alone and for no

23 other defendants, answer and respond to the unverified Complaint in the above-captioned

24 matter ("Complaint"), filed in this Court on April 7, 2005, as follows:

25                    **JURISDICTION AND VENUE**

26      1.      Responding to the allegations contained in paragraph 1 of the Complaint,

27 Defendants admit that this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

28 Defendants deny each and every remaining allegation contained therein.

2.     Responding to the allegations contained in paragraph 2 of the Complaint, Defendants admit the allegations contained therein.

### PARTIES

3.     Responding to the allegations contained in paragraph 3 of the Complaint, Defendants admit that Plaintiff RON HUPPERT and Plaintiff JAVIER SALGADO were each sworn officers employed by the City of Pittsburg.  Defendants deny each and every remaining allegation contained therein.

4.     Responding to the allegations contained in paragraph 4 of the Complaint, Defendants admit that the CITY OF PITTSBURG ("CITY") is a municipal corporation duly organized and existing under the laws of the State of California.  Defendants admit AARON BAKER ("BAKER") was and is the duly appointed CHIEF OF POLICE at the Pittsburg Police Department for most relevant times.  Defendants deny each and every remaining allegation contained therein.

5.     Responding to the allegations contained in paragraph 5 of the Complaint, Defendants admit that CAPT. WILLIAM ZBACNIK ("ZABACNIK"), LT. MICHAEL BARBANICA ("BARBANICA"), LT. WILLIAM "BRIAN" ADDINGTON ("ADDINGTON"), and LT. WADE DERBY ("DERBY") are and have been employed by the CITY at all relevant times.  Defendants deny each and every remaining allegation contained therein.

6.     Responding to the allegations contained in paragraph 6 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 6, and on that basis deny each and every allegation contained therein.

7.     Responding to the allegations contained in paragraph 7 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 7, and on that basis deny each and every allegation contained therein.

8.     Responding to the allegations contained in paragraph 8 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of

the allegations contained in paragraph 8, and on that basis deny each and every allegation contained therein.

9.     Responding to the allegations contained in paragraph 9 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 9, and on that basis deny each and every allegation contained therein.

10.     Responding to the allegations contained in paragraph 10 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 10, and on that basis deny each and every allegation contained therein.

### STATEMENT OF FACTS

11.     Responding to the allegations contained in paragraph 11 of the Complaint, Defendants admit that Plaintiff Huppert worked as a patrol officer with the Pittsburg Police Department.  Defendants otherwise deny each and every allegation contained therein.

12.     Responding to the allegations contained in paragraph 12 of the Complaint, Defendants deny each and every allegation contained therein.

13.     Responding to the allegations contained in paragraph 13 of the Complaint, Defendants deny each and every allegation contained therein.

14.     Responding to the allegations contained in paragraph 14 of the Complaint, Defendants deny each and every allegation contained therein.

15.     Responding to the allegations contained in paragraph 15 of the Complaint, Defendants deny each and every allegation contained therein.

16.     Responding to the allegations contained in paragraph 16 of the Complaint, Defendants deny each and every allegation contained therein.

17.     Responding to the allegations contained in paragraph 17 of the Complaint, Defendants deny each and every allegation contained therein.

18.     Responding to the allegations contained in paragraph 18 of the Complaint, Defendants deny each and every allegation contained therein.

19.     Responding to the allegations contained in paragraph 19 of the Complaint, Defendants deny each and every allegation contained therein.

20.     Responding to the allegations contained in paragraph 20 of the Complaint, Defendants deny each and every allegation contained therein.

21.     Responding to the allegations contained in paragraph 21 of the Complaint, Defendants deny each and every allegation contained therein.

22.     Responding to the allegations contained in paragraph 22 of the Complaint, Defendants deny each and every allegation contained therein.

23.     Responding to the allegations contained in paragraph 23 of the Complaint, Defendants deny each and every allegation contained therein.

24.     Responding to the allegations contained in paragraph 24 of the Complaint, Defendants deny each and every allegation contained therein.

25.     Responding to the allegations contained in paragraph 25 of the Complaint, Defendants deny each and every allegation contained therein.

26.     Responding to the allegations contained in paragraph 26 of the Complaint, Defendants deny each and every allegation contained therein.

27.     Responding to the allegations contained in paragraph 27 of the Complaint, Defendants deny each and every allegation contained therein.

28.      Responding to the allegations contained in paragraph 28 of the Complaint, Defendants deny each and every allegation contained therein.

29.     Responding to the allegations contained in paragraph 29 of the Complaint, Defendants deny each and every allegation contained therein.

30.     Responding to the allegations contained in paragraph 30 of the Complaint, Defendants deny each and every allegation contained therein.

31.     Responding to the allegations contained in paragraph 31 of the Complaint, Defendants admit that Plaintiff SALGADO was terminated.  Defendants deny each and every remaining allegation contained therein.

32.    Responding to the allegations contained in paragraph 32 of the Complaint, Defendants deny each and every allegation contained therein.

33.    Responding to the allegations contained in paragraph 33 of the Complaint, Defendants deny each and every allegation contained therein.

34.    Responding to the allegations contained in paragraph 34 of the Complaint, Defendants deny each and every allegation contained therein.

35.    Responding to the allegations contained in paragraph 35 of the Complaint, Defendants deny each and every allegation contained therein.

36.    Responding to the allegations contained in paragraph 36 of the Complaint, Defendants deny each and every allegation contained therein.

37.    Responding to the allegations contained in paragraph 37 of the Complaint, Defendants deny each and every allegation contained therein.

## DAMAGES

38.    Responding to the allegations contained in paragraph 38 of the Complaint, Defendants deny each and every allegation contained therein.

39.    Responding to the allegations contained in paragraph 39 of the Complaint, Defendants deny each and every allegation contained therein.

40.    Responding to the allegations contained in paragraph 40 of the Complaint, Defendants deny each and every allegation contained therein.

## CONSPIRACY ALLEGATIONS

41.    Responding to the allegations contained in paragraph 41 of the Complaint, Defendants deny each and every allegation contained therein.

42.    Responding to the allegations contained in paragraph 42 of the Complaint, Defendants deny each and every allegation contained therein.

## FIRST CAUSE OF ACTION

### 42 USC §1983

43.    Responding to the allegations contained in paragraph 43 of the Complaint, Defendants deny each and every allegation contained therein.

44.    Responding to the allegations contained in paragraph 44 of the Complaint, Defendants deny each and every allegation contained therein.

45.    Responding to the allegations contained in paragraph 45 of the Complaint, Defendants deny each and every allegation contained therein.

46.    Responding to the allegations contained in paragraph 46 of the Complaint, Defendants deny each and every allegation contained therein.

## SECOND CAUSE OF ACTION

### 42 USC §1983

47.    Responding to the allegations contained in paragraph 47 of the Complaint, Defendants deny each and every allegation contained therein.

48.    Responding to the allegations contained in paragraph 48 of the Complaint, Defendants deny each and every allegation contained therein.

49.    Responding to the allegations contained in paragraph 49 of the Complaint, Defendants deny each and every allegation contained therein.

## THIRD CAUSE OF ACTION

### VIOLATIOINS OF STATE CONSTITUTION

50.    Responding to the allegations contained in paragraph 50 of the Complaint, Defendants deny each and every allegation contained therein.

51.    Responding to the allegations contained in paragraph 51 of the Complaint, Defendants deny each and every allegation contained therein.

52.    Responding to the allegations contained in paragraph 52 of the Complaint, Defendants deny each and every allegation contained therein.

## FOURTH CAUSE OF ACTION

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

53.    Responding to the allegations contained in paragraph 53 of the Complaint, Defendants deny each and every allegation contained therein.

54.    Responding to the allegations contained in paragraph 54 of the Complaint, Defendants deny each and every allegation contained therein.

55.     Responding to the allegations contained in paragraph 55 of the Complaint, Defendants deny each and every allegation contained therein.

56.     Responding to the allegations contained in paragraph 56 of the Complaint, Defendants deny each and every allegation contained therein.

57.     Responding to the allegations contained in paragraph 57 of the Complaint, Defendants deny each and every allegation contained therein.

## FIFTH CAUSE OF ACTION

### NEGLIGENCE

58.     Responding to the allegations contained in paragraph 58 of the Complaint, Defendants deny each and every allegation contained therein.

59.     Responding to the allegations contained in paragraph 59 of the Complaint, Defendants deny each and every allegation contained therein.

60.     Responding to the allegations contained in paragraph 60 of the Complaint, Defendants deny each and every allegation contained therein.

61.     Responding to the allegations contained in paragraph 61 of the Complaint, Defendants deny each and every allegation contained therein.

62.     Responding to the allegations contained in paragraph 62 of the Complaint, Defendants deny each and every allegation contained therein.

## SIXTH CAUSE OF ACTION

### GOVERNMENT CODE SECTION 12900, *ET SEQ.*

63.     Responding to the allegations contained in paragraph 63 of the Complaint, Defendants deny each and every allegation contained therein.

64.     Responding to the allegations contained in paragraph 64 of the Complaint, Defendants deny each and every allegation contained therein.

65.     Responding to the allegations contained in paragraph 65 of the Complaint, Defendants deny each and every allegation contained therein.

66.     Responding to the allegations contained in paragraph 66 of the Complaint, Defendants deny each and every allegation contained therein.

67.     Responding to the allegations contained in paragraph 67 of the Complaint, Defendants deny each and every allegation contained therein.

68.     Responding to the allegations contained in paragraph 68 of the Complaint, Defendants deny each and every allegation contained therein.

69.     Responding to the prayer for relief set forth at page 16, lines 20 though 28, and at page 17, lines 1 through 13, Defendants deny that Plaintiffs are entitled to any of the relief requested or any relief whatsoever.

**AS AND FOR THEIR AFFIRMATIVE DEFENSES TO THE CAUSES OF ACTION PURPORTED TO BE SET FORTH AGAINST THEM IN THE FIRST AMENDED COMPLAINT, THE ANSWERING DEFENDANTS ALLEGE AS FOLLOWS:**

**FIRST AFFIRMATIVE DEFENSE**

1.     Each of Plaintiffs' claims fails to state facts sufficient to constitute a cause of action against answering defendants.

**SECOND AFFIRMATIVE DEFENSE**

2.     Plaintiffs' claims are barred by the doctrines of res judicata and collateral estoppel.

**THIRD AFFIRMATIVE DEFENSE**

3.     Plaintiffs' causes of action, for violation of 42 U.S.C. § 1983, are barred against answering defendants City, Baker, Zbacnik, Barbanica, Addington and Derby in their official capacities, on the ground that the City does not have a policy as alleged by plaintiffs, nor are there any municipal policies, customs, or practices that have deprived any of the plaintiffs of their constitutional rights.

**FOURTH AFFIRMATIVE DEFENSE**

4.     Plaintiffs' cause of action, for violation of 42 U.S.C. § 1983, is barred against answering defendants City, Baker, Zbacnik, Barbanica, Addington and Derby in their official capacities, on the ground that any municipal policies, customs, or practices that relate to treatment of an officer are rationally related to a legitimate government interest.

1

## FIFTH AFFIRMATIVE DEFENSE

2      5.      Plaintiffs' cause of action, for violation of 42 U.S. C. §1983, is barred against

3   each answering defendant on the ground that neither a municipality nor its officers,

4   supervisors, or policymakers can be held liable under 42 U.S.C. §1983 under a respondeat

5   superior theory.  *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978).

6

## SIXTH AFFIRMATIVE DEFENSE

7      6.      Plaintiffs' causes of action against individual answering defendants Baker,

8   Zbacnik, Barbanica, Addington and Derby are barred on the ground that these individual

9   answering defendants are entitled to qualified immunity.

10

## SEVENTH AFFIRMATIVE DEFENSE

11     7.      Plaintiffs have failed to comply with the requirements of the Tort Claims Act

12   and thus their state common law causes of action against all defendants are barred.

13

## EIGHTH AFFIRMATIVE DEFENSE

14     8.      If the City's current or former employees or any of them committed the acts

15   alleged in the Complaint, although such is not admitted hereby or herein, such acts were

16   committed outside the scope of employment and not by agents of the City, and, thus, the

17   City is not liable for such acts.

18

## NINTH AFFIRMATIVE DEFENSE

19     9.      Plaintiffs' cause of action is barred by plaintiffs' failure to exhaust their

20   administrative remedies, including without limitation, their failure to comply with these

21   answering defendants' internal complaint and grievance procedures and administrative

22   remedies pursuant to California Government Code section 12900 *et. seq*.

23

## TENTH AFFIRMATIVE DEFENSE

24     10.     Plaintiffs' claims are barred because they are moot.

25

## ELEVENTH AFFIRMATIVE DEFENSE

26     11.     Plaintiffs' claims are barred by the applicable statutes of limitations.

27

28

1

### TWELFTH AFFIRMATIVE DEFENSE

2        12.    At all times mentioned in the Complaint, each answering defendant acted in

3   conformity with applicable law, regulation, and policy.

4

### THIRTEENTH AFFIRMATIVE DEFENSE

5        13.    Plaintiffs' claims are barred by waiver, estoppel, and consent.

6

### FOURTEENTH AFFIRMATIVE DEFENSE

7        14.    Plaintiffs had a duty, but failed, to mitigate any damages to which they may be

8   entitled.

9

### FIFTEENTH AFFIRMATIVE DEFENSE

10       15.    Plaintiffs' claim, to the extent it seeks damages for physical, mental and/or

11  emotional distress, is barred by California Labor Code sections 3600 *et seq.*, which provide

12  that workers' compensation is Plaintiff's exclusive remedy

13

### SIXTEENTH AFFIRMATIVE DEFENSE

14       16.    Plaintiffs are not entitled to an award of attorneys' fees or expert witness fees.

15

### SEVENTEENTH AFFIRMATIVE DEFENSE

16       17.    Plaintiffs' claims for punitive damages against individual answering defendants

17  Baker, Zbacnik, Barbanica, Addington and Derby are barred on the grounds that (a) they

18  cannot be subject to punitive damages in their official capacity, (b) plaintiffs' claims for

19  punitive damages against the individual answering defendants are unconstitutional under

20  the United States Constitution, including without limitation, Article I, Section 8; Amendment

21  V; and Amendment XIV; and the California Constitution, including, without limitation, Article

22  I, Sections 7 and 15; and (c) plaintiffs' fail to state a claim for punitive damages from the

23  individual answering Defendants.

24

### EIGHTEENTH AFFIRMATIVE DEFENSE

25       18.    Plaintiffs' claims are frivolous, unreasonable and/or without foundation, and

26  accordingly, these answering Defendants should recover all costs and attorneys' fees

27  incurred herein from each Plaintiff.  *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412,

28  422 (1978).

1    WHEREFORE, these answering Defendants pray for judgment as follows:

2        1.    That judgment be awarded for these answering Defendants;

3        2.    That the Complaint be dismissed with prejudice and that Plaintiffs take nothing

4    by their Complaint;

5        3.    That these answering Defendants be awarded their costs incurred herein,

6    including attorneys' fees; and

7        4.    That the Court order such other and further relief for these answering

8    Defendants as the Court may deem just and proper.

9    Dated:  May 31, 2005                    MEYERS, NAVE, RIBACK, SILVER & WILSON

10

11                                           By:_____/S/_____

12                                               Kathy E. Mount
                                                 Attorneys for Defendants
13                                               City of City Of Pittsburg, Chief of Police
                                                 Aaron Baker, Capt. William Zbacnik, Lt.
14                                               Michael Barbanica, Lt. William "Brian"
                                                 Addington, and Lt. Wade Derby

15

16   758906

17

18

19

20

21

22

23

24

25

26

27

28

ANSWER TO COMPLAINT                          *Huppert, et al. v. City of Pittsburg, et al.*
                         11                  Case No. C 05-01433 SBA