KATHY E. MOUNT, SBN 104736
DANA S. ZAMCZYK, SBN 235539
MEYERS, NAVE, RIBACK, SILVER & WILSON
555 12th Street, Suite 1500
Oakland, CA 94607
kmount@meyersnave.com
Telephone: (510) 808-2000
Facsimile: (510) 444-1108

Attorneys for Defendants
City of City Of Pittsburg, Chief of Police Aaron Baker,
Capt. William Zbacnik, Lt. Michael Barbanica,
Lt. William Addington, and Lt. Wade Derby

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RON HUPPERT and JAVIER SALGADO,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>CITY OF PITTSBURG, CHIEF OF POLICE AARON BAKER, CAPT. WILLIAM ZBACNIK, LT. MICHAEL BARBANICA, LT. WILLIAM "BRIAN" ADDINGTON, LT. WADE DERBY, and DOES 1-40,<br><br>　　　　Defendants. | Case No. C 05-01433 SBA<br><br>**STIPULATION FOR PROTECTIVE ORDER BETWEEN DEFENDANTS AND PLAINTIFFS RELATED TO CONFIDENTIAL DOCUMENTS; ORDER THEREON**<br><br>Complaint Filed: April 7, 2005 |

**IT IS HEREBY STIPULATED** by Defendants City of Pittsburg, Chief of Police Aaron Baker, Capt. William Zbacnik, Lt. Michael Barbanica, Lt. William Addington, and Lt. Wade Derby, and Plaintiffs Ron Huppert and Javier Salgado, by and through their attorneys of record, that in order to protect the confidentiality of the records described below and to avoid unnecessary annoyance, embarrassment and oppression, any of said records disclosed are subject to a protective order as follows:

　　1.　　The City of Pittsburg Police Department personnel files, investigation file and other designated documents of plaintiffs Ron Huppert and Javier Salgado and any other present or former employee of, or contractor with, the City of Pittsburg disclosed in this action are to be designated as "Confidential Material." Such designation shall be made by

stamping or otherwise marking the material prior to use in this litigation as follows: "Confidential Material Subject to Protective Order." Material which has been publicly disclosed in the past will not be designated "confidential."

2. Confidential Material shall be used solely in connection with this litigation and the preparation and trial of this case, or any related appellate proceeding, and not for any other purpose, including any other litigation.

3. Confidential Material may not be disclosed except as set forth in paragraph 4.

4. Confidential Material may be disclosed only to the following persons:

   a. Counsel for the parties in this action;

   b. Paralegal, stenographic, clerical and secretarial personnel regularly employed by counsel referred to in paragraph 4(a);

   c. Court personnel including stenographic reporters engaged in such proceedings as are necessarily incidental to preparation for the trial of this action;

   d. Any outside expert or consultant retained in connection with this action, and not otherwise employed by any party;

   e. Any "in house" expert designated by a party to testify at trial in this matter;

   f. Witnesses who may have the documents disclosed to them during deposition proceedings; the witnesses may not leave the deposition with copies of the documents, and shall be bound by the provisions of paragraph 5;

   g. Any Neutral Evaluator or other designated ADR provider; and

   h. Parties to this action.

Nothing in this paragraph 4 is intended to prevent officials or employees of the City of Pittsburg or other authorized government officials from having access to the documents if they would have had access in the normal course of their job duties. Further, nothing in this order prevents a witness from disclosing events or activities personal to them, i.e., a witness can disclose to others previous information given to the City of Pittsburg with respect to what she/he saw, heard, or otherwise sensed.

5. Each person to whom disclosure is made, with the exception of counsel who are presumed to know of the contents of this protective order, shall, prior to disclosure: (1) be provided a copy of this order by the person furnishing him/her such material, and (2) agree on the record or in writing that she/he has read the protective order and that she/he understands the provisions of the protective order. Such person must also consent to be subject to the jurisdiction of the United States District Court for the Northern District of California with respect to any proceeding relating to the enforcement of this order. Defendant City of Pittsburg shall be entitled to retain possession of the original writings described above.

6. At the conclusion of the trial and of any appeal or upon other termination of this litigation, all Confidential Material received under the provisions of this order (including any copies made) shall be tendered back to the City of Pittsburg. Provisions of this order insofar as they restrict disclosure and use of the material shall be in effect until further order of this court.

7. Any document filed with the court that reveals Confidential Material shall be filed under seal, labeled with a cover sheet as follows: "RON HUPPERT AND JAVIER SALGADO, Plaintiffs, v. CITY OF PITTSBURG, et al., Case No.: C 05 01433 SBA. This document is subject to a protective order issued by the court and may not be copied or examined except in compliance with that order." Documents so labeled shall be kept by the Clerk under seal and shall be made available only to the court or counsel. Upon failure of the party to so file a document under seal, the producing party may request that the court place the filing under seal.

8. Nothing in this order shall preclude a party from showing or disclosing any documents, e.g., deposition transcript, pleading or brief, which otherwise contains Confidential Material as defined in paragraph 1, as long as such document has been redacted so as to prevent disclosure of such Confidential Material.

9. The foregoing is without prejudice to the right of any party: (a) to apply to the court for a further protective order relating to any Confidential Material or relating to

Stipulation for Protective Order

3

Huppert, et al. v. City of Pittsburg, et al.
Case No. C 05-01433 SBA

discovery in this litigation; (b) to apply to the court for an order removing the Confidential Material designation from any documents; and (c) to apply to the court for an order compelling production of documents or modification of this order or for any order permitting disclosure of Confidential Materials beyond the terms of this order.

Dated: July 5, 2005

MEYERS, NAVE, RIBACK, SILVER & WILSON

By: _____
Kathy E. Mount
Attorneys for Defendants
City of City Of Pittsburg, Chief of Police Aaron Baker, Capt. William Zbacnik, Lt. Michael Barbanica, Lt. William "Brian" Addington, and Lt. Wade Derby

Dated: July 8, 2005

LAW OFFICE OF RUSSELL A. ROBINSON

By: _____
Russell A. Robinson
Attorneys for Plaintiffs

**ORDER**

IT IS SO ORDERED.

Dated: 9/13/05

IT IS SO ORDERED
Judge James Larson
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

762095

Stipulation for Protective Order

4

Huppert, et al. v. City of Pittsburg, et al.
Case No. C 05-01433 SBA