UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RON HUPPERT,                                            No. C 05-1433 JL

        Plaintiff,                                    **DISCOVERY ORDER**
                                                      **Granting in part Docket # 55**
        v.

CITY OF PITTSBURG, ET AL.,

        Defendants.
_____/

TO PLAINTIFFS AND COUNSEL OF RECORD:

You are hereby ordered to appear on December 28, 2005 at 9:30 a.m. before this Court and show cause why you should not be sanctioned in the amount of $7,500 under Federal Rules of Civil Procedure Rule 37(a)(4)(C) and subjected to issue preclusion sanctions under Rule 37(b)(2) for disobeying a court order.

The Court received Defendants' letter of December 9, 2005, stating that Plaintiffs did not submit any of the answers to interrogatories which the court ordered them to produce on or before November 23 and which Plaintiffs' counsel represented in open court that he had produced at the show cause hearing December 7. In addition, the Court had ordered Plaintiffs to provide substantive responses to Defendants' requests for admissions and Defendants' counsel noted in her letter that Plaintiffs' responses include objections. At the hearing the

1 Court will consider whether to find that Plaintiffs by their untimely response have waived all
2 objections to the RFA's.

3 The Federal Rules of Civil Procedure provide that "[a]ll grounds for objection to an
4 interrogatory must be stated with specificity.  Any ground not stated in a timely objection is
5 waived unless the party's failure to object is excused by the court for good cause shown."
6 Fed. R. Civ. Pro. 33(b)(4) (emphasis added). Plaintiff had an opportunity at the show cause
7 hearing to explain why they could not answer interrogatories and in fact implied to the Court
8 that they were providing answers. Accordingly, Plaintiffs have waived all objections to
9 Defendants' interrogatories and shall respond in full on or before December 21, 2005 or risk
10 monetary sanctions as well as issue preclusion sanctions.

11 In addition, counsel apparently disobeyed a direct order of the Court and
12 misrepresented his compliance in open court. This may call for a citation for contempt, with an
13 appropriate penalty.

14 In cases where the parties have consented to the magistrate judge's jurisdiction, under
15 an amendment to 28 U.S.C. §636, magistrate judges have the ability to punish summarily any
16 misbehavior occurring in their presence;  the power is limited only by the fact that the
17 maximum penalty is a 30-day jail term and a $5,000 fine.  28 U.S.C. § 636(e)(5) (2000). The
18 Court is reluctant to impose such a harsh penalty unless it is necessary to remind counsel of
19 his obligations under the Federal Rules and common civility. The only legitimate excuse would
20 be that the plaintiffs are unable to produce responses or that imposition of sanctions would be
21 unjust. FRCP 37(b)(2(E). The Court will hear from the parties on December 28.

22 IT IS SO ORDERED.
23 DATED: December 12, 2005

_____
James Larson
Chief United States Magistrate Judge