KATHY E. MOUNT, SBN 104736
TERRY ROEMER, SBN 151894
MEYERS, NAVE, RIBACK, SILVER & WILSON
555 12th Street, Suite 1500
Oakland, CA 94607
kmount@meyersnave.com
Phone: (510) 808-2000
Facsimile: (510) 444-1108

Attorneys for Defendants
City of Pittsburg, Chief of Police Aaron Baker,
Capt. William Zbacnik, Lt. Michael Barbanica,
Lt. William "Brian" Addington, Lt. Wade Derby

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RON HUPPERT and JAVIER SALGADO,<br><br>Plaintiffs,<br>v.<br><br>CITY OF PITTSBURG, CHIEF OF POLICE AARON BAKER, CAPT. WILLIAM ZBACNIK, LT. MICHAEL BARBANICA, LT. WILLIAM "BRIAN" ADDINGTON, LT. WADE DERBY, and DOES 1-40,<br><br>Defendants. | Case No.: C 05-01433 JL<br><br>**SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF DEFENDANTS CITY OF PITTSBURG, AARON BAKER, WILLIAM ZBACNIK, MICHAEL BARBANICA, WILLIAM ADDINGTON AND WADE DERBY'S MOTION FOR SUMMARY JUDMENT OR IN THE ALTERNATIVE MOTION FOR SUMMARY ADJUDICATION OF CLAIMS ASSERTED BY PLAINTIFF SALGADO**<br><br>DATE: August 2, 2006<br>TIME: 9:30 a.m.<br>DEPT: Courtroom F, 15th Floor<br><br>**Complaint Filed: April 7, 2005** |

Defendants City of Pittsburg, Chief of Police Aaron Baker, William Zbacnik, Michael Barbanica, William Addington, and Wade Derby submit the following statement of undisputed material facts, together with references to supporting evidence, in support of their motion for summary judgment or, in the alternative, summary adjudication of claims asserted by Plaintiff Javier Salgado.

Separate Statement of Undisputed Material Facts in Support of Defendants' Summary Judgment Motion of Claims Asserted by Salgado

1

Huppert/Salgado v. City of Pittsburg, et al.
Case No. C 05-01433 SBA.

| UNDISPUTED MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| 1. Plaintiff Javier Salgado first became employed by the City of Pittsburg as a police officer on April 9, 1995. | 1. Declaration of Marc Fox ("Fox Decl.") ¶ 2<br><br>**NOT DISPUTED BY PLAINTIFF** |
| 2. Salgado remained in the classification of police officer during his entire period of employment with the City of Pittsburg. | 2. Fox Decl. ¶ 2<br><br>**NOT DISPUTED BY PLAINTIFF** |
| 3. In or about September - October 2001, Chief Baker assigned Salgado and Ron Huppert to investigate allegations of wrongdoing by police officers at the City golf course. All reports and information Huppert provided to the Police Chief and City Manager regarding that investigation were pursuant to Salgado's official responsibilities as a police officer. | 3. Declaration of Kathy Mount ("Mount Decl.") Exhibit A (Salgado Depo. Tr. 142:21-143:6); Declaration of Aaron Baker (Baker Decl.)¶ 3<br><br>**NOT DISPUTED BY PLAINTIFF** |
| 4. In October 2001, Salgado and Huppert submitted memos to Chief Baker reporting their findings regarding the golf course investigation. | 4. Baker Decl. ¶ 8; Exhibits A,B,C<br><br>**NOT DISPUTED BY PLAINTIFF** |
| 5. Salgado testified in his deposition that, in 2002, Defendant Michael Barbanica ordered the police officers not to bail out Officer Reuben Vasquez, a Hispanic police officer, when he was put in jail overnight. However, Salgado testified that he was aware of at least four other instances of police officers who were jailed and not bailed out by fellow officers – one such officer was Caucasian and three other officers were African-American. | 5. Mount Decl., Exhibit A (Salgado Depo. Tr. 127:7-134:10)<br><br>**DISPUTED BY PLAINTIFF** |
| 6. Salgado testified in his deposition that, in February 2002, Defendants Barbanica and Addington accused him of being in a vehicular pursuit that Salgado was not involved in, in retaliation for Salgado's report of the golf course investigation. However, the matter was "dropped" and no disciplinary action was taken against Salgado related to this incident. | 6. Mount Decl., Exhibit A (Salgado Dep. Tr. 158:23-165:1)<br><br>**NOT DISPUTED BY PLAINTIFF** |

Separate Statement of Undisputed Material Facts in Support of Defendants' Summary Judgment Motion of Claims Asserted by Salgado

2

Huppert/Salgado v. City of Pittsburg, et al.
Case No. C 05-01433 SBA.

| | | |
|---|---|---|
| 7. | In March 2002, Salgado and Huppert were assigned to patrol City refineries. Their assignment was to drive in and around the refineries looking for suspicious persons. Salgado testified in his deposition that he was given no training regarding how to handle a chemical leak at the refineries. However, it was not part of his duties to handle chemical leaks. He had been told by Barbanica that, if there was a leak, they should "get the hell out of there." | 7. Mount Decl., Exhibit A (Salgado Depo. Tr. 259:14-263:15)<br><br>**DISPUTED BY PLAINTIFF** |
| 8. | In late 2003 or early 2004, the police department initiated an internal affairs investigation and criminal investigation into alleged falsification of police records by police officer Jim Hartley, a Caucasian. | 8. Mount Decl., Exhibit A (Salgado Depo. Tr. 82:13-15); Baker Decl. ¶¶ 4,5<br><br>**NOT DISPUTED BY PLAINTIFF** |
| 9. | Hartley resigned from employment before the internal affairs investigation was completed. | 9. Baker Decl. ¶ 5; Mount Decl. Exhibit A (Salgado Depo. Tr. 83: 9-15)<br><br>**NOT DISPUTED BY PLAINTIFF** |
| 10. | Officer Hartley was subsequently convicted of felonies for falsifying police reports. | 10. Baker Decl. ¶ 5; Mount Decl., Exhibit A (Salgado Depo. Tr. 83: 6-8)<br><br>**NOT DISPUTED BY PLAINTIFF** |
| 11. | In light of the concern over Hartley's report writing improprieties, Chief Baker decided to have an audit done of all the department's police reports regarding "under the influence" arrests to determine whether other officers had engaged in "cutting and pasting" information from one report to another. | 11. Baker Decl. ¶ 6<br><br>**NOT DISPUTED BY PLAINTIFF** |
| 12. | Sergeant Steiner and Lieutenant Wade Derby conducted the audit of those police reports. The audit revealed that Salgado had several reports that had been "cut and pasted." | 12. Baker Decl. ¶ 6; Mount Decl., Exhibit A (Salgado Depo. Tr. 81: 14-82:1; 82:16-83:2)<br><br>**DISPUTED BY PLAINTIFF** |
| 13. | After learning the results of the audit, Chief Baker decided to commence both a criminal investigation and an internal affairs | 13. Baker Decl. ¶ 7<br><br>**DISPUTED BY PLAINTIFF** |

| | |
|---|---|
| investigation into Salgado's report writing improprieties. | |
| 14. Chief Baker chose Lieutenant Barbanica to conduct the internal affairs investigation and Lieutenant Addington to conduct the criminal investigations. In consultation with the District Attorney's office, Chief Baker determined that it was not inappropriate for Addington to conduct this investigation even though he had reviewed and approved some of Salgado's police reports. | 14. Baker Decl. ¶ 7<br><br>**DISPUTED BY PLAINTIFF** |
| 15. The internal affairs investigation concluded that Salgado had falsified police reports. | 15. Baker Decl. ¶ 9<br><br>**NOT DISPUTED BY PLAINTIFF** |
| 16. Based on the IA report, Chief Baker decided to initiate termination proceedings against Salgado. The reasons for his termination were as stated in the "Notice of Proposed Disciplinary Action," dated July 15, 2004, which was given to Salgado. | 16. Baker Decl. ¶ 9, Exhibit E<br><br>**DISPUTED BY PLAINTIFF** |
| 17. On or about July 15, 2004, Salgado was provided with written Notice of Proposed Disciplinary Action which proposed termination, the reasons therefore, a copy of the materials on which the proposed action was based, and was informed of his right to respond, either orally or in writing, to the charges. | 17. Baker Decl. ¶ 10, Exhibit E; Mount Decl., Exhibit A (Salgado Depo. Tr. 98:19 - 99:3)<br><br>**NOT DISPUTED BY PLAINTIFF** |
| 18. Chief Baker set a date for the Skelly hearing for July 23, 2004, at which Salgado could present his response to the Chief regarding the charges in the Notice of Proposed Disciplinary Action. However, Salgado and his attorney failed to appear at the scheduled time for the Skelly hearing. | 18. Baker Decl. ¶ 11<br><br>**DISPUTED BY PLAINTIFF** |
| 19. During July 2004, City Manager Marc Grisham was on vacation. Chief Baker was appointed Acting City Manager for the period of time Mr. Grisham was on vacation. | 19. Baker Decl. ¶ 12<br><br>**NOT DISPUTED BY PLAINTIFF** |
| 20. Having not heard from Salgado on July 23rd, Chief Baker concluded that Salgado had waived his right to a Skelly hearing. | 20. Baker Decl. ¶ 12<br><br>**DISPUTED BY PLAINTIFF** |

Separate Statement of Undisputed Material Facts in Support of Defendants' Summary Judgment Motion of Claims Asserted by Salgado

4

Huppert/Salgado v. City of Pittsburg, et al.
Case No. C 05-01433 SBA.

| | | |
|---|---|---|
| 1<br>2 | 21. On July 26th, Baker issued a Notice of Disciplinary Action to Salgado. | 21. Baker Decl. ¶ 12, Exhibit F<br><br>**NOT DISPUTED BY PLAINTIFF** |
| 3<br>4<br>5 | 22. On July 26, 2004, Chief Baker received a letter from Salgado's attorney, Matthew Pavone, complaining that Salgado had not been given an adequate opportunity for a Skelly hearing. | 22. Baker Decl. ¶ 13<br><br>**NOT DISPUTED BY PLAINTIFF** |
| 6<br>7<br>8<br>9 | 23. Chief Baker decided to withdraw the July 26th Notice of Disciplinary Action and defer the matter to the City Manager, Marc Grisham, for a final decision when he returned to the office on August 2, 2004. On July 27, 2004, Chief Baker sent a letter to Mr. Pavone explaining his actions. | 23. Baker Decl. ¶ 13; Exhibit G; Mount Decl., Exhibit A (Salgado dep. Tr. 99:13-102:6)<br><br>**NOT DISPUTED BY PLAINTIFF** |
| 10<br>11<br>12<br>13 | 24. City Manager Grisham conducted a Skelly hearing on August 11, 2004, at which Salgado presented his response to the charges contained in the July 15th Notice of Proposed Disciplinary Action. | 24. Baker Decl. ¶ 14; Mount Decl., Exhibit A (Salgado dep. Tr. 99:13-102:6; 106:5-21; 108:12-109:9)<br><br>**DISPUTED BY PLAINTIFF** |
| 14<br>15<br>16<br>17 | 25. On or about August 24, 2004, Mr. Grisham issued a notice of disciplinary action to Salgado, which set forth the grounds for Salgado's termination, and notified Salgado of his right to appeal the decision. | 25. Baker Decl. ¶ 14, Exhibit H.; Mount Decl., Exhibit A (Salgado dep. Tr. 85:18-25)<br><br>**DISPUTED BY PLAINTIFF** |
| 18<br>19 | 26. Salgado's termination became effective on August 24, 2004. | 26. Baker Decl. ¶ 15; Fox Decl. ¶4<br><br>**NOT DISPUTED BY PLAINTIFF** |
| 20<br>21<br>22<br>23 | 27. Salgado declined to appeal his termination. | 27. Fox Decl. ¶ 6; Exhibit B; Mount Decl., Exhibit A (Salgado 109:11-24)<br><br>**DISPUTED BY PLAINTIFF** |
| 24<br>25<br>26 | 28. After Salgado was terminated, on October 13, 2004, he was convicted of five counts of felony violation of Penal Code section 118.5 for knowingly and intentionally filing a false report be a peace officer. | 28. Mount Decl. ¶4, Exhibit C (Salgado Rev. Supp. Resp. to Req. For Admission No. 3)<br><br>**NOT DISPUTED BY PLAINTIFF** |

Separate Statement of Undisputed Material Facts in Support of Defendants' Summary Judgment Motion of Claims Asserted by Salgado

5

Huppert/Salgado v. City of Pittsburg, et al.
Case No. C 05-01433 SBA.

| # | | |
|---|---|---|
| 1, 2, 3 | 29. Salgado pled no contest to his felony convictions. | 29. Mount Decl., Exhibit A, (Salgado Depo. Tr. 49: 2-19)<br><br>**NOT DISPUTED BY PLAINTIFF** |
| 4, 5, 6 | 30. Because Salgado has been convicted of at least one felony, he cannot be employed as a police officer in California. | 30. Mount Decl., Exhibit A. (Salgado Depo. Tr. 85:11-17)<br><br>**DISPUTED BY PLAINTIFF** |
| 7, 8 | 31. Prior to his termination, Salgado had not been subjected to any disciplinary action, demotion, or loss of pay or benefits. | 31. Baker Decl. ¶ 16; Fox Decl. ¶ 3<br><br>**DISPUTED BY PLAINTIFF** |
| 9, 10, 11 | 32. Salgado is Nicaraguan. He was born in the United States, but his parents were both born in Nicaragua. | 32. Mount Decl., Exhibit A (Salgado Depo. Tr. 272:10-17)<br><br>**NOT DISPUTED BY PLAINTIFF** |
| 12, 13, 14, 15 | 33. Salgado never complained of discrimination, either with regard to himself or anyone else, while he was employed by the City of Pittsburg. | 33. Mount Decl., Exhibit A (Salgado Depo. Tr. 140:3-5; Baker Decl. ¶ 18)<br><br>**NOT DISPUTED BY PLAINTIFF** |
| 16, 17, 18 | 34. To Salgado's knowledge, no one employed in the City of Pittsburg Police Department has ever made a racial comment directed at Salgado. | 34. Mount Decl., Exhibit A (Salgado Depo. Tr. 259:2-4)<br><br>**DISPUTED BY PLAINTIFF** |
| 19, 20 | 35. Salgado filed a complaint with DFEH on March 25, 2005, complaining of discrimination based on ethnicity and race and retaliation. | 35. Fox Decl. ¶ 7; Exhibit C<br><br>**NOT DISPUTED BY PLAINTIFF** |
| 21, 22, 23 | 36. Salgado filed his complaint in this court on April 7, 2005. | 36. Mount Decl. ¶ 3, Exhibit B<br><br>**NOT DISPUTED BY PLAINTIFF** |
| 24, 25, 26, 27, 28 | 37. Salgado admits that the City is immune from a common law action for negligence. | 37. Mount Decl. ¶ 4, Exhibit C (Salgado Rev. Supp. Resp. to Req. for Admissions No. 2)<br><br>**NOT DISPUTED BY PLAINTIFF** |

Separate Statement of Undisputed Material Facts in Support of Defendants' Summary Judgment Motion of Claims Asserted by Salgado

6

Huppert/Salgado v. City of Pittsburg, et al.
Case No. C 05-01433 SBA.

| 38. Salgado admits that the City is immune from a common law action for intentional infliction of emotional distress. | 38. Mount Decl. ¶ 4; Exhibit C (Salgado Rev. Supp. Resp. to Req. for Admissions No. 1)<br><br>**NOT DISPUTED BY PLAINTIFF** |
|---|---|

Dated:  June 28, 2006          Meyers, Nave, Riback, Silver & Wilson


                               By____/S/____KATHY E. MOUNT  06/28/2006
                                    Kathy E. Mount
                                    Attorney for Defendants

840282v1; 1029.4005