**meyers | nave** riback silver & wilson
professional law corporation

Joseph M. Quinn, Esq.
Attorney
415.421.3711

July 7, 2008

Molly Dwyer, Clerk of Court
U.S. Court of Appeals
Ninth Circuit
95 7th Street
San Francisco, CA 94103

C05-1433JL

RECEIVED
JUL - 8 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

RE: *Huppert v. City of Pittsburg, et al.*
United States Court of Appeal, Ninth Circuit Case No. 06-17362
United States Court of Appeal, Ninth District Case No. 07-16600

Dear Ms. Dwyer:

Appellees write to draw the Court's attention to a case not previously cited by the parties that may be discussed at oral argument. The case is *Deprado v. City of Miami*, 446 F.Supp.2d 1344 (S.D. Fla. 2006) and a copy is enclosed.

*Deprado* is the lone authority of which Appellees are aware that applies *Garcetti v. Ceballos*, 547 U.S. 410 (2006) to a police officer's subpoenaed civil grand jury testimony. There, the district court held that "[p]laintiff's subpoenaed grand jury testimony [about police misconduct] occurred pursuant to his official duties as a police officer for the City of Miami Police Department, and was not speech as a private citizen." (*Deprado*, 446 F.Supp.2d at 1346.) Similarly, here, Huppert's subpoenaed grand jury testimony occurred pursuant to his official duties as a police officer for the City of Pittsburg, and was not speech as a private citizen. Therefore, Huppert cannot meet the first prong (*i.e.*, protected speech) of his First Amendment claim.

Appellees recognize that *Deprado* is not binding on this Court. *Deprado* is the only case directly on point, however. Accordingly, Appellees ask the Court to treat *Deprado* as persuasive authority and, perhaps, a starting point for its analysis of Huppert's First Amendment claim based on his subpoenaed grand jury testimony.

Thank you.

Very Truly Yours,

MEYERS, NAVE, RIBACK, SILVER & WILSON

Joseph M. Quinn

JMQ/al
Enclosure

575 Market Street, Suite 2600 | San Francisco, California 94105 | tel 415.421.3711 | fax 415.421.3767 | www.meyersnave.com

OAKLAND • SANTA ROSA • SACRAMENTO • SAN FRANCISCO • LOS ANGELES

Westlaw.

446 F.Supp.2d 1344
446 F.Supp.2d 1344, 19 Fla. L. Weekly Fed. D 1017
(Cite as: 446 F.Supp.2d 1344)

Page 1

H
Deprado v. City of Miami
S.D.Fla.,2006.

United States District Court,S.D. Florida,
Miami Division.
Jose Rafael DEPRADO, Plaintiff,
v.
CITY OF MIAMI, et al., Defendants.
No. 05-22383-CIV.

Sept. 20, 2006.

**Background:** City police officer sued city under § 1983 alleging that reprimands taken against him for engaging in a practical joke were actually constitutional violations in retaliation for his grand jury testimony concerning police misconduct. City moved for summary judgment.

**Holdings:** The District Court, James Lawrence King, J., held that:
(1) police officer's subpoenaed grand jury testimony concerning police misconduct was not protected speech for First Amendment purposes;
(2) issuance of a reprimand and the forfeiture of accumulated leave time, allegedly in response to a practical joke played by police officer and two fellow officers, were not actions taken in retaliation for officer's testimony before the grand jury; and
(3) officer's transfer from the training unit to the patrol section, following his involvement in a practical joke, did not rise to the level of an adverse employment action.

Motion granted.

West Headnotes

[1] Constitutional Law 92 €═1171

92 Constitutional Law
　92X First Amendment in General
　　92X(B) Particular Issues and Applications
　　　92k1171 k. Retaliation in General. Most Cited Cases
　　　(Formerly 92k1170, 92k1166, 92k82(3))
To establish a claim of retaliation arising from the exercise of his First Amendment rights, plaintiff must first establish that he engaged in a protected activity. U.S.C.A. Const.Amend. 1.

[2] Constitutional Law 92 €═1955

92 Constitutional Law
　92XVIII Freedom of Speech, Expression, and Press
　　92XVIII(P) Public Employees and Officials
　　　92k1955 k. Police and Other Public Safety Officials. Most Cited Cases
　　　(Formerly 92k90.1(7.2))

**Municipal Corporations 268 €═185(1)**

268 Municipal Corporations
　268V Officers, Agents, and Employees
　　268V(B) Municipal Departments and Officers Thereof
　　　268k179 Police
　　　　268k185 Suspension and Removal of Policemen
　　　　　268k185(1) k. Grounds for Removal or Suspension. Most Cited Cases
Police officer's subpoenaed grand jury testimony concerning police misconduct occurred pursuant to his official duties as a police officer for the City of Miami Police Department, and was not speech as a private citizen, as required to be considered protected speech for First Amendment purposes. U.S.C.A. Const.Amend. 1.

[3] Constitutional Law 92 €═1955

92 Constitutional Law
　92XVIII Freedom of Speech, Expression, and Press
　　92XVIII(P) Public Employees and Officials
　　　92k1955 k. Police and Other Public Safety Officials. Most Cited Cases
　　　(Formerly 92k90.1(7.2))

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

446 F.Supp.2d 1344  
446 F.Supp.2d 1344, 19 Fla. L. Weekly Fed. D 1017  
(Cite as: 446 F.Supp.2d 1344)

Page 2

**Municipal Corporations 268 ⟶185(1)**

268 Municipal Corporations  
    268V Officers, Agents, and Employees  
        268V(B) Municipal Departments and Officers Thereof  
            268k179 Police  
                268k185 Suspension and Removal of Policemen  
                    268k185(1) k. Grounds for Removal or Suspension. Most Cited Cases

Issuance of a reprimand and the forfeiture of accumulated leave time, allegedly in response to a practical joke played by police officer and two fellow officers, were not actions taken in retaliation for officer's testimony before the grand jury concerning police misconduct in violation of the First Amendment, given that the same punishments were also given to the two other officers involved in the prank. U.S.C.A. Const.Amend. 1.

**[4] Constitutional Law 92 ⟶1955**

92 Constitutional Law  
    92XVIII Freedom of Speech, Expression, and Press  
        92XVIII(P) Public Employees and Officials  
            92k1955 k. Police and Other Public Safety Officials. Most Cited Cases  
        (Formerly 92k90.1(7.2))

**Municipal Corporations 268 ⟶185(1)**

268 Municipal Corporations  
    268V Officers, Agents, and Employees  
        268V(B) Municipal Departments and Officers Thereof  
            268k179 Police  
                268k185 Suspension and Removal of Policemen  
                    268k185(1) k. Grounds for Removal or Suspension. Most Cited Cases

Police officer's transfer from the training unit to the patrol section, following his involvement in a practical joke, did not rise to the level of an adverse employment action, as required for officer's First Amendment retaliation claim alleging he was retaliated against for testifying before a grand jury regarding police misconduct. U.S.C.A. Const.Amend. 1.

*1345 Martin Eric Leach, Esq., Feiler & Leach, Coral Gables, FL, for Plaintiff.  
Mimi Vivien Turin, Esq., Miami City Attorney's Office, Miami, FL, for Defendants.

### ORDER GRANTING DEFENDANT CITY OF MIAMI'S MOTION FOR SUMMARY JUDGMENT

JAMES LAWRENCE KING, District Judge.  
THIS COMES before the Court upon Defendant City of Miami's Motion for Summary Judgment [DE 47], filed July 13, 2006.[FN1]

> FN1. Plaintiff filed its Response to Motion for Summary Judgment [DE 52] on August, 15, 2006. Defendant filed its Reply [DE 55] on August 21, 2006.

### BACKGROUND

The above-styled action is premised upon alleged violations of Plaintiff's rights under the First and Fourteenth Amendments. Plaintiff, a police officer for the City of Miami Police Department, claims that the constitutional violations took the form of retaliation for his grand jury testimony concerning police misconduct. Specifically, Plaintiff asserts that in May, 2001, he testified before a grand jury regarding the planting of evidence by SWAT team members in a shooting incident. Soon after, in June, 2001, Plaintiff and two other officers engaged in a practical joke whereby the two officers escorted a recruit into the police gym where Plaintiff was doing pull-ups nude from the waist down. As a result, Plaintiff and the two officers were issued reprimands and ordered to forfeit ten hours of accumulated leave-time. Plaintiff, who was the only officer who actually removed his clothes, was also transferred out of the Training Unit to the Patrol division. Plaintiff argues that the action taken against

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

446 F.Supp.2d 1344
446 F.Supp.2d 1344, 19 Fla. L. Weekly Fed. D 1017
(Cite as: 446 F.Supp.2d 1344)

Page 3

him violated his Constitutional rights and he seeks redress under 42 USC § 1983.

## LEGAL STANDARD

Summary judgment is only proper upon a showing by the moving party that there exists no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In determining whether a material factual dispute exists, the court determines whether a reasonable fact-finder would find for the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Such a determination by the court is done by viewing all evidence and resolving all inferences in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

The moving party always bears the initial burden of highlighting that portion of the record which indicates the absence of a genuine issue of material fact. *1346*Hairston v. Gainesville Sun. Pub. Co.,* 9 F.3d 913, 918 (11th Cir.1993). Upon satisfaction of this initial burden, the non-moving party is charged with the burden to establish the existence of a genuine dispute of material fact. *Celotex,* 477 U.S. at 323, 106 S.Ct. 2548. In meeting this burden, the non-moving party cannot solely rely upon the pleadings, but rather must "set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e); *Celotex,* 477 U.S. at 324, 106 S.Ct. 2548. If the evidence relied upon is such that a reasonable fact-finder could find in favor of the non-moving party, summary judgment should not be granted. *Hairston,* 9 F.3d at 919.

## DISCUSSION

Defendant seeks summary judgment because Plaintiff has not and cannot establish a violation of his First Amendment rights because he has not and cannot establish the threshold requirement of having engaged in speech that would qualify for First Amendment purposes, and because the facts of this case do not reveal a causally connected adverse employment action.

In order for a public employee to state a cause of action alleging retaliation for exercising one's Constitutional rights, the Plaintiff must meet his threshold requirements. Preliminarily, the Plaintiff must demonstrate that he engaged in a protected activity. *Akins v. Fulton County,* 420 F.3d 1293, 1300 (11th Cir.2005). In the context of a First Amendment claim, the Court must first look at whether the employee engaged in speech as a citizen, on a matter of public concern. *Garcetti v. Ceballos,* 547 U.S. 410, 126 S.Ct. 1951, 164 L.Ed.2d 689 (2006) If there has been no such qualifying speech, the employee cannot state an First Amendment claim. *Id.* However, where the employee is able to demonstrate such speech, the Court will then determine whether the government employer was properly justified in its treatment of the employee, or whether the employee was subjected to adverse employment action in retaliation for that protected activity. *Id.; Akins,* 420 F.3d 1293. As set forth below, this Court finds that on the facts presented in this case, Plaintiff's cannot establish either element.

### *1st Amendment Speech Claim*

[1][2] To establish a claim of retaliation arising from the exercise of his First Amendment rights, Plaintiff must first establish that he engaged in a protected activity. *See Garcetti v. Ceballos,* 547 U.S. 410, 126 S.Ct. 1951, 164 L.Ed.2d 689 (2006); *see also Akins,* 420 F.3d at 1300. When faced with such a contention, it is necessary to address whether Plaintiff spoke as a citizen on a matter of public concern, and if so, whether the City of Miami had an adequate justification for treating the Plaintiff differently from any other member of the general public. *Garcetti,* 126 S.Ct. at 1958. This Court finds that on the facts presented here, Plaintiff has

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

446 F.Supp.2d 1344
446 F.Supp.2d 1344, 19 Fla. L. Weekly Fed. D 1017
(Cite as: 446 F.Supp.2d 1344)

Page 4

not and cannot establish that he engaged in speech for First Amendment purposes.

In *Garcetti*, the United States Supreme Court held that when public employees make statements pursuant to their official duties, they are not speaking as citizens for purposes of the First Amendment. 126 S.Ct. at 1957 (citing *Pickering v. Board of Ed. of Township High School Dist. 205 Will Cty.*, 391 U.S. 563, 88 S.Ct. 1731, 20 L.Ed.2d 811 (1968)). In accordance with the Police Department's regulations, and the Plaintiff's obligations as a State-certified law enforcement officer, Plaintiff's subpoenaed grand jury testimony occurred pursuant to his official duties as a police officer for the City of Miami Police Department, and was not speech as a private citizen. Accordingly, Plaintiff *1347 cannot meet the first prong for a First Amendment claim.

*The Discipline*

[3] The undisputed facts reveal that Plaintiff received a written reprimand, a forfeiture of ten hours of accumulated leave-time, and a transfer from the Training Unit to the Patrol Section. With respect to the issuance of a reprimand and the forfeiture of hours, the same punishments were also given to the two other officers involved in the prank. Therefore, with regard to these actions, Plaintiff is unable to show that these actions were taken in retaliation for Plaintiff's testimony before the grand jury, because there is independent support that the disciplinary action would have been taken even in the absence of the testimony. *See Johnson v. Clifton*, 74 F.3d 1087, 1092 (11th Cir.1996); *see also, Natale v. Broward County*, 987 F.Supp. 926, 933 (S.D.Fla.1997).

*The Transfer*

[4] As to Plaintiff's transfer from the Training Unit to the Patrol Section, based on the facts of this case, this does not rise to the level of an adverse employment action. "An adverse employment action is construed to involve an important condition of employment." *Akins*, 420 F.3d at 1300 (citing *Stavropoulos v. Firestone*, 361 F.3d 610, 619 (11th Cir.2004) (holding that retaliation was established when the employment action would "chill the exercise of constitutionally protected speech.")). Such employment actions would include termination, reprimands, refusal to promote, demotions, as well as any other action that functions to negatively affect terms, conditions, privileges, or status of an employee. *Id.* at 1300-01. Plaintiff's reliance on *Burlington Northern & Santa Fe Railway Co. v. White*, 548 U.S. 53, 126 S.Ct. 2405, 165 L.Ed.2d 345 (2006) is misplaced. In *Burlington*, the Plaintiff was ultimately cleared of any wrongdoing. Conversely here, the Plaintiff ultimately had a final judgment entered as to his guilt following his *quasi judicial* disciplinary appeal process.

Additionally, the undisputed facts show that the Plaintiff was treated consistently with his two co-workers who were involved in the "prank". Nonetheless, his conduct involved an additional element (i.e., the Plaintiff was the only one who actually took his clothes off) thereby justifying the City's action in removing him from a specialty assignment. *Johnson*, 74 F.3d 1087 (the analysis to determine whether a public employer disciplined an employee in violation of the First Amendment, involves as its terminal step whether the public employer can establish that the action would have been taken even without protected speech.)

Finally, in order to show that a transfer constituted an adverse employment action, Plaintiff would have to set forth the negative impact of the aforementioned transfer. Plaintiff's transfer is best characterized as lateral in nature, in that there was no change in classification or rank, nor was there any deprivation of previously vested benefits, such as salary or promotional opportunities. While Plaintiff may contend that the loss of a 2% Training pay supplement constitutes a deprivation of benefits, such a contention is not applicable here. Plaintiff never received the pay supplement, because his transfer occurred prior to its implementation. Therefore, his

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

446 F.Supp.2d 1344                                                                                       Page 5
446 F.Supp.2d 1344, 19 Fla. L. Weekly Fed. D 1017
**(Cite as: 446 F.Supp.2d 1344)**

"loss" of same is purely speculative.

## CONCLUSION

The Court finds that Summary Judgment in favor of Defendant City of Miami and against Jose Rafael Deprado is appropriate. Accordingly, after a careful review of the record, and the Court being otherwise fully advised, it is ORDERED and *1348 ADJUDGED that Defendant City of Miami's Motion for Summary Judgment [DE 47] be, and the same is hereby **GRANTED**. The Court enters Judgment for Defendant City of Miami and against Plaintiff. The Court reserves jurisdiction to assess such costs and fees as may be appropriate, upon motion of Defendants.

### *FINAL JUDGMENT*

Pursuant to Fed.R.Civ.P. 58 and the Court's Order Granting Defendant's Motion for Summary Judgment, it is

ORDERED and ADJUDGED that judgment is entered in favor of Defendant City of Miami's Statement of Material Facts in Support of Motion for Summary Judgment, and against Plaintiff Jose Deprado. The case, namely the entire Complaint, is dismissed with prejudice. This case is CLOSED. If applicable, this Court retains jurisdiction of the above-styled action to determine fees, costs, and expenses incurred by Defendant in defending this action. It is further

ORDERED and ADJUDGED that any pending motions are DENIED as moot.

S.D.Fla.,2006.
Deprado v. City of Miami
446 F.Supp.2d 1344, 19 Fla. L. Weekly Fed. D 1017

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

## CERTIFICATE OF SERVICE

I certify that on July 7, 2008, I dispatched an original and fifteen copies of the foregoing document: **APPELLEES' LETTER BRIEF** via U.S. Mail to the U.S. District Court of Appeals for the 9th Circuit, 95 Seventh Street, San Francisco, California 94103 and I served copies upon district court by depositing the same in the United States Mail, postage prepaid, addressed as follows:

United States District Court                    1 copy
Northern District of California
450 Golden Gate Avenue
San Francisco, California 94102-3483

And counsel of record by California Overnight delivery:

Russell A. Robinson, Esq.                       1 copy
Law Office of Russell A. Robinson, APC
345 Grove Street, First Floor
San Francisco, CA 94102

Executed on July 7, 2008, at San Francisco, California.

Andrea Lorenz

( )  **(BY PERSONAL DELIVERY)** I caused each such envelope to be delivered by hand to the offices of each addressee above.

( )  **(BY FACSIMILE)** By use of facsimile machine telephone number 510-444.1108, I served a copy of the within document(s) on the above interested parties at the facsimile numbers listed above. The transmission was reported as complete and without error. The transmission report, which is attached to this proof of service, was properly issued by the transmitting facsimile machine.

**(XXX)** **(BY FEDERAL EXPRESS OVERNIGHT DELIVERY)**: I caused each envelope, with delivery fees provided for, to be deposited in a box regularly maintained by Federal Express. I am readily familiar with my firm's practice for collection and processing of correspondence for overnight delivery and know that in the ordinary course the document(s) described above will be deposited in a box or other facility regularly maintained by Federal Express, or delivered to an authorized courier or driver authorized by Federal Express to receive documents on the same date that it is placed at Meyers Nave Riback Silver & Wilson for collection.

**(XXX)**  (BY FIRST CLASS MAIL) I caused each such envelope, with postage thereon fully prepaid, to be placed in the United States mail at Oakland, California. I am readily familiar with the business practice for collection and processing of mail in this office; and that in the ordinary course of business said document would be deposited with the U.S. Postal Service in Oakland on that same day. I understand that service shall be presumed invalid upon motion of a party served if the postal cancellation date or postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this declaration.

1050864.2